# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CITIZENS FOR RESPONSIBLE**
**GOVERNMENT ADVOCATES, Inc.,**

      Plaintiff,

      -vs-                                                   **Case No. 14-C-1222**

**THOMAS BARLAND,** *et al.***,**

      Defendants.

## DECISION AND ORDER

Citizens for Responsible Government Advocates, Inc. ("CRG") is a conservative advocacy group organized under 26 U.S.C. § 501(c)(4). CRG engages in issue advocacy in favor of fiscal conservatism and private property rights. In conjunction with the upcoming election, and also as a long-term project to continue thereafter, CRG intends to launch a campaign called "Take Charge Wisconsin." Through the use of web and broadcast communications, CRG will highlight both the stories of ordinary citizens who have served in public office and the problem of government waste at the hands of career politicians.

As part of this project, CRG identified three citizen candidates who are advancing CRG's policy goals of fiscal responsibility through participatory democracy: Kim Simac, Carl Pettis, and Jason Arnold. CRG is planning to

create materials describing their backgrounds, their efforts to become politically involved, and their work to further fiscal responsibility in government. In short, CRG hopes to engage in issue advocacy that is coordinated with candidates currently running for election or re-election.

The defendants in this action, members of the Wisconsin Government Accountability Board and Milwaukee County District Attorney John Chisholm, have taken the position that coordinated issue advocacy is illegal under Wisconsin's campaign finance law. Accordingly, in advance of officially launching "Take Charge Wisconsin," CRG brought this action and quickly moved for a preliminary injunction.

On October 7, the Court granted CRG's motion for expedited briefing, ordering the defendants to respond to CRG's motion for a preliminary injunction by October 14. After the entry of this Order, the Court received a letter from Brian Hagedorn, Chief Legal Counsel for Governor Scott Walker. Mr. Hagedorn explained that J.B. Van Hollen, Attorney General for the State of Wisconsin, refused to act as counsel for the defendants in this lawsuit. Van Hollen's refusal was based, at least in part, upon the "tenuous" nature of the defendants' legal theory regarding coordinated issue advocacy. *See*, ECF No. 15-3. Hagedorn further explained that the Governor's office was attempting to secure private legal counsel, and that in light of the various logistical issues associated therewith, the defendants would likely be unable to comply with an

expedited briefing schedule. *See,* ECF No. 15-1. In a subsequent letter, Hagedorn asked the Court to "reconsider the order setting an expedited briefing schedule until such time as counsel is retained for the defendants." ECF No. 15-2. CRG rejoins that the Court should enter the requested injunction and order the defendants to respond to CRG's motion for a preliminary injunction within seven days of counsel's appearance. Private counsel for the defendants made their appearance today.

In light of the important constitutional issues at stake, the Court agrees that CRG's proposal is the appropriate procedure to follow under such unusual circumstances. The general election is only three weeks away. Any further delay threatens to negate the effectiveness of CRG's requested relief. Courts have the authority to issue temporary injunctive relief on an *ex parte* basis pending a ruling on the merits of a motion for a preliminary injunction. *See S.E.C. v. Unifund Sal*, 910 F.2d 1028, 1034 (2d Cir. 1990); *S.E.C. v. Comcoa, Ltd.*, 887 F. Supp. 1521, 1526 (S.D. Fla. 1995).[1]

As to the merits, this Court's view on state efforts to regulate issue advocacy was expressed in *O'Keefe v. Schmitz*, Case No. 14-C-139. The opinion there cited to *McCutcheon v. F.E.C.*, 134 S. Ct. 1434 (2014), which held that any regulation "must target . . . what we have called '*quid pro quo*' corruption

---

[1] The Court finds that there is good cause to keep what amounts to a temporary restraining order in place pending the Court's resolution of CRG's motion for a preliminary injunction. Fed. R. Civ. P. 65(b).

or its appearance. That Latin phrase captures the notion of a direct exchange of an official act for money." *Id.* at 1441. This Court therefore concluded that a "candidate's coordination with and approval of issue advocacy speech, along with the fact that the speech may benefit his or her campaign because the position taken on the issues coincides with his or her own, does not rise to the level of 'favors for cash,'" or a "direct exchange of an official act for money." --- F. Supp. 2d ----, 2014 WL 1795139, at *9 (E.D. Wis. May 6, 2014).[2] Days after that ruling, the Seventh Circuit issued a decision regarding Wisconsin's campaign finance law that supports the Court's analysis, explaining as follows: "As applied to political speakers other than candidates, their committees, and political parties, the statutory definition of 'political purposes' in [Wis. Stat. §] 11.01(16) and the regulatory definition of 'political committee' in GAB § 1.28(1)(a) are limited to express advocacy and its functional equivalent as those terms were explained in *Buckley* [*v. Valeo*, 424 U.S. 1 (1976)] and [*F.E.C. v. Wis. Right to Life, Inc.*, 551 U.S. 449 (2007)]." *Wis. Right to Life, Inc. v. Barland*, 751 F.3d 804, 834 (7th Cir. 2014) ("*Barland II*"). Therefore, the Court concludes, at least for now, that CRG is likely to succeed on the merits in this action. *See ACLU v. Alvarez*, 679 F.3d 583, 589

---

[2] The Seventh Circuit vacated the injunction in *O'Keefe*, but did not reach the merits of the Court's constitutional analysis, except in relation to its discussion of qualified immunity. *O'Keefe v. Chisholm*, --- F.3d ----, 2014 WL 5088077 (7th Cir. Sept. 24, 2014).

- 4 -

(7th Cir. 2012) (explaining that in First Amendment cases, the "likelihood of success on the merits will often be the determining factor" because the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** CRG's request for injunctive relief is **GRANTED**. Defendants are prohibited from implementing, enforcing, or giving effect to the definition of "political purposes" found in Wisconsin Statutes § 11.01(16) against communications expenditures, except as applied to expenditures for communications that expressly advocate the election or defeat of a clearly identified candidate or are the functional equivalent of express advocacy as defined in *FEC v. Wisconsin Right to Life, Inc.*, 551 U.S. 449 (2007) ("*WRTL*"). Defendants are prohibited from implementing, enforcing, or giving effect to the restrictions on "coordination" in Wisconsin Statutes § 11.10(4) and § 11.06(4)(d) against communications expenditures, except as applied to expenditures for communications that expressly advocate the election or defeat of a clearly identified candidate or are the functional equivalent of express advocacy as defined in *WRTL*. Defendants are prohibited from implementing, enforcing, or giving effect to any other provisions of Wisconsin Statutes Chapter 11 that are triggered by Sections 11.01(16), 11.10(4), or 11.06(4)(d) against communications expenditures,

- 5 -

except as to expenditures for communications that expressly advocate the election or defeat of a clearly identified candidate or are the functional equivalent of express advocacy as defined in *WRTL*.

**IT IS FURTHER ORDERED THAT** the defendants' response to CRG's motion for a preliminary injunction is due on or before **October 21, 2014**. The defendants' motion for an extension of time [ECF No. 17] is **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2014.

                                      **BY THE COURT:**

                                      *[signature]*
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**